Brent Dorian Brehm – State Bar No. 248983
   E-mail: bbrehm@kantorlaw.net
Sarah J. Demers – State Bar No. 330090
   E-mail: sdemers@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:   (818) 886-2525
Facsimile:   (818) 350-6272

Attorneys for Plaintiff,
CATHY PETERSEN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CATHY PETERSEN,<br><br>             Plaintiff,<br><br>v.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>             Defendant. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Cathy Petersen, herein sets forth the allegations of her Complaint against Defendant Prudential Insurance Company of America.

**PRELIMINARY ALLEGATIONS**

1.     "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331, as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights

under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan at issue. Plaintiff seeks relief, including, but not limited to: payment of benefits, pre-judgment and post-judgment interest, reinstatement to the benefit plan(s) at issue herein, and attorneys' fees and costs.

2. Plaintiff was, at all times relevant, an employee of the Internet Corporation for Assigned Names and Numbers ("ICANN") and a resident in the County of Los Angeles, State of California.

3. Plaintiff is informed and believes that Defendant Prudential Insurance Company of America ("Prudential") is a corporation with its principal place of business in the State of New Jersey, authorized to transact and transacting business in the Central District of California, and can be found in the Central District of California. Prudential is the insurer of benefits under the ICANN Long Term Disability Plan, (hereinafter "LTD Plan") and acted in the capacity of a plan administrator. Prudential administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. Defendant can be found in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

**FIRST CLAIM FOR RELIEF**
**AGAINST DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PRE-JUDGMENT AND POST-JUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS**
**(29 U.S.C. § 1132(a)(1)(B))**

5. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

6. At all times relevant, Plaintiff was employed by ICANN and was a covered participant under the terms and conditions of the LTD Plan.

2
COMPLAINT

7. During the course of Plaintiff's employment, she became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, she suffered a disability rendering her disabled as defined under the terms of the LTD Plan.

8. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Prudential for LTD benefits under the LTD Plan. On October 17, 2019, Prudential approved Plaintiff's LTD benefit claim and began paying her LTD benefits. On May 31, 2020, Plaintiff's claim for LTD benefits was terminated by Prudential. It was Prudential's assertion that Plaintiff had not provided proof sufficient to show that she continued to be disabled. On May 3, 2021, Plaintiff, through her attorney, appealed this determination. Despite overwhelming evidence of a covered LTD claim, on October 11, 2021, Prudential erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for LTD benefits.

9. Defendant Prudential breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to Plaintiff at a time when Prudential knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Prudential had such knowledge, Prudential denied Plaintiff's LTD benefits; and

(b) Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim;

(c) After Plaintiff's claim was denied in whole or in part, Prudential failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect Plaintiff's claim along with an explanation of why such material is or was necessary; and

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

   (d) Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

10. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff's disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

11. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

12. As a proximate result of the aforementioned wrongful conduct of Prudential, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

13. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

14. The wrongful conduct of Prudential has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce Plaintiff's rights under the terms of the LTD Plan and to clarify Plaintiff's rights to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her

disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: October 22, 2021              KANTOR & KANTOR, LLP

                                     By:   */s/ Sarah J. Demers*
                                           Sarah J. Demers
                                           Attorneys for Plaintiff,
                                           CATHY PETERSEN